UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT CHILDRESS, # 365065,

        Petitioner,

v.                                            Case Number: 11-cv-11480
                                                 Honorable Arthur J. Tarnow

KENNETH ROMANOWSKI,

        Respondent.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I.  INTRODUCTION

Pending before the Court is Petitioner Robert Childress's Habeas-Corpus Petition filed under 28 U.S.C. § 2241.  In his *pro se* pleadings, Petitioner is challenging a conviction rendered in this District Court before The Honorable George Caram Steeh.  He is currently incarcerated at the Mound Correctional Facility in Detroit, Michigan, where he is serving two concurrent state sentences.  For the reasons stated below, the Petition will be dismissed.

### II.  BACKGROUND

On June 13, 2002, Judge Steeh sentenced Petitioner to eleven months in prison, to be followed by five years of supervised release, for making statements in violation of 18 U.S.C. § 1014.

On December 30, 2009, Petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence.  The court denied the motion as untimely.  *United States v. Childress*, No. 2:00-cr-80466 (E.D. Mich. June 30, 2010).  The district court also denied Petitioner's motion for a certificate of appealability.  *United States v. Childress*, No. 2:00-cr-80466 (E.D. Mich. Aug. 31, 2010).  Petitioner then filed a request for a certificate of

appealability in the Sixth Circuit Court of Appeals. The Sixth Circuit denied the request. *Childress v. U.S.*, No. 10-1905 (6th Cir. Dec. 23, 2010).

On September 30, 2010, at a supervised release violation hearing, Petitioner pleaded guilty to violating his supervised release. He was sentenced to three years in federal prison, to run consecutively to his State of Michigan convictions.

Subsequently, on February 17, 2011, Petition filed a habeas petition, similar to this Petition, under 28 U.S.C. § 2241, which was assigned to The Honorable Victoria A. Roberts. In that petition, he alleged that he was innocent of the charges, that he was maliciously prosecuted, and that he received ineffective assistance of counsel. On March 21, 2011, Judge Roberts summarily dismissed the petition. *Childress v. Romanowski*, No. 2:11-cv-10621 (E.D. Mich. Mar. 21, 2011) (Roberts, J.).

Similarly, Petitioner argues in this Habeas Petition that he received ineffective assistance of counsel, that he is actually innocent of the charges to which he pleaded guilty, and that his due process and equal protection rights were violated.

### III.  DISCUSSION

### A.  Standard of Review

Rule 4, Rules Governing Section 2254 cases, provides that the court shall promptly examine a petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The Rules Governing Section 2254

cases may be applied at the discretion of the district court judge to petitions not filed under § 2254. *See* Rule 1(b), Rules Governing Section 2254 Cases. After undertaking a Rule 4 review of the petition, the Court concludes Petitioner's claims do not warrant habeas relief.

### B. Habeas Petition Not Properly Filed Under 28 U.S.C. § 2241

Petitioner challenges his federal conviction and sentence. A habeas petitioner who seeks to challenge a federal conviction or sentence should file a motion to vacate sentence in the sentencing court under 28 U.S.C. § 2255. *Charles v. Chandler*, 180 F.3d 755, 756-57 (6th Cir. 1999). A petitioner seeking to challenge the execution or manner in which a sentence is served should file such claims in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *Id.* While § 2255 is typically the exclusive avenue for federal prisoners to collaterally attack their convictions or sentences, the section includes a "savings clause" that permits a prisoner to petition for relief under § 2241 upon a showing that relief under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

The circumstances under which § 2255 might be deemed "inadequate" are narrow, as the "liberal allowance" of the writ under § 2241 would defeat the restrictions placed on successive petitions or motions for collateral relief imposed by 28 U.S.C. § 2244. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Section 2255 is not considered inadequate simply because §2255 relief already has been denied, or because a procedural bar precludes relief under § 2255, or because permission to file a second or successive motion under § 2255 has been denied. *Charles*, 180 F.3d at 756. The petitioner bears the burden of showing that a § 2255 remedy is inadequate. *In re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). The district court's

previous denial of Petitioner's § 2255 motion does not render such relief inadequate or ineffective. *Charles*, 180 F.3d at 756.

The Sixth Circuit Court of Appeals has held that § 2255's savings clause "may only be applied when the petitioner makes a claim of actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). To establish actual innocence, Petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998). In this context, "'actual innocence' means factual innocence, not mere legal insufficiency." *Id.*

Petitioner asserts that, despite his guilty plea, he is innocent. However, other than this bald assertion, he presents no argument or new facts or evidence suggesting that he is actually innocent. Petitioner's own conclusory assertion of innocence is insufficient to demonstrate that it is more likely than not that no reasonable juror would have convicted him. *Lott v. Davis*, 105 F.App'x 13, 16 (6th Cir. 2004) (holding that a petitioner's claim, "without elaboration," that he is actually innocent is insufficient to obtain the benefit of the savings clause).

The Court finds that this Habeas Petition is a collateral attack on the Petitioner's conviction and sentence and not on its execution that should have been brought under § 2255. Petitioner has not shown that § 2255 is inadequate or ineffective to test the legality of his detention and, therefore, he may not obtain relief under § 2241.

Petitioner may be able to raise his claims in a second or successive petition under § 2255; however, he must first obtain approval to file such a petition from the Sixth Circuit Court of Appeals. The Sixth Circuit has instructed district courts to transfer second or successive § 2255 motions filed in the district court without prior authorization to the Court of Appeals. *In re Sims*,

111 F.3d 45, 47 (6th Cir. 1997). Where a petition is filed pursuant to § 2241, however, the Sixth Circuit has instructed courts to rule on the petition. *See Rivera v. Warden, FBI, Elkton*, 27 F. App'x 511, 516 (6th Cir. 2001); *In re Walker*, No. 00-5262, 2000 WL 1517155 (6th Cir. Aug. 4, 2000).

## IV. CONCLUSION

The Court concludes that it plainly appears from the face of the Petition that Petitioner is not entitled to habeas corpus relief pursuant to 28 U.S.C. § 2241, because the Petition is not properly filed under § 2241. Accordingly, the Court **DISMISSES** the "Petition for Writ of Habeas Corpus." (Dkt. # 1.)

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: May 6, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 6, 2011, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary